UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

A 2017 GMC ACADIA WITH VIN 1GKKNXLS2HZ256796, ET AL,

    Defendants,

and

1. HAROLD B. KAEDING,
2. ZORAIDA FRANCO, and
3. BENJAMIN KAEDING,

    Claimants.

Case No. 21-cv-1608 (MJD/TNL)

STIPULATION AND JOINT MOTION TO STAY CIVIL FORFEITURE PROCEEDINGS

Plaintiff United States of America and Claimants Harold Kaeding, Zoraida Franco, and Benjamin Kaeding, through their respective attorneys, hereby stipulate for and jointly move the Court for a stay of this civil forfeiture proceeding until the related criminal investigation and proceedings are resolved.  This Stipulation is based on the following:

    1.    On January 13, 2021, law enforcement seized:

        a.  $1,018.92 from Royal Credit Union account 4569474440;

        b.  $21,983.16 from Bank of America account 374004337463;

        c.  $11,144.50 from NorthOne/Radius Bank account 5110103119;

        d.  $13,297.00 from NorthOne/Radius Bank account 7160013442;

        e.  $34,200.00 from Royal Credit Union account 4561219975;

        f.  $119,164.27 from Citibank Account 162119187;

Stipulation to Stay Case
21-cv-1608 (MJD/TNL)

> g. $4,031.02 from Spire Credit Union Checking account 10100000776062;
>
> h. $5,016.23 from Spire Credit Union Savings account 10000000776062;
>
> i. $8,321.74 from Key Bank account 776920002263; and
>
> j. $5,039.36 from KeyBank 354153030680,

*in rem* and on June 30, 2021, law enforcement seized a 2017 GMC Acadia with VIN 1GKKNXLS2HZ256796 *in rem* (collectively, the "Defendant Property") from Claimants. ECF No. 1.

2. On July 13, 2021, the United States filed a Complaint for Forfeiture *in Rem* in this matter, seeking the forfeiture of the Defendant Property. ECF 1. The United States alleged the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) for violations of 18 U.S.C. § 1343 (Wire Fraud), in connection with a Paycheck Protection Program ("PPP") fraud scheme involving Claimants.

3. The United States served notice of this civil forfeiture action in the manner provided by law on all parties believed to have an interest in the Defendant *in rem*.

4. The United States published notice of this forfeiture action on the government's internet forfeiture website, www.forfeiture.gov. ECF No. 4. Publication commenced July 21, 2021 and ran through August 19, 2021. *Id*. The time for any party with an interest in the Defendant *in rem* who has not otherwise been notified of this action to file a claim to the property, pursuant to Supp. Rule G(5)(a)(ii)(B), expired October 19, 2021.

Stipulation to Stay Case
21-cv-1608 (MJD/TNL)

5. On October 10, 2021, Harold Kaeding submitted a claim. ECF 5. On October 29, 2021, Harold Kaeding, Zoraida Franco, and Benjamin Kaeding filed an answer. ECF No. 6.

6. On or about August 4, 2021, a grand jury returned a sealed indictment against the Defendant Property and Claimant Harold Kaeding, in connection with a PPP fraud scheme. *See United States v. Harold Kaeding*, Case No. 21-cr-169 (ECT/HB), ECF No. 1. Count 1 charged Claimant Harold Kaeding with Wire Fraud, on or about May 21, 2021, in violation of 18 U.S.C. § 1343. *Id*. Count 2 charged Claimant Harold Kaeding with Money Laundering on or about June 3, 2020, in violation of 18 U.S.C. § 1957. *Id*. On November 23, 2021, the indictment was unsealed. *United States v. Harold Kaeding*, Case No. 21-cr-169 (ECT/HB), ECF No. 11.

7. In light of the indictment, the parties now seek an order staying the civil forfeiture case pursuant to 18 U.S.C. § 981(g), because there is substantial factual overlap between the charges in the criminal case and the alleged conduct giving rise to the civil forfeiture case.

8. Title 18, United States Code, Section 981(g), provides:

> (1) Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.
>
> (2) Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that—
>
> (A) the claimant is the subject of a related criminal

3

>   > investigation or case;
>   >
>   > (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and
>   >
>   > (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

9. The substantial factual overlap between the pending criminal case against the Claimants and the Defendant Currency, and the allegations in the civil forfeiture case, warrant a stay of the civil forfeiture case pursuant to 18 U.S.C. § 981(g).

10. Allowing civil discovery in this matter would adversely affect the ability of the United States to conduct the related criminal prosecution, subjecting it to written discovery and subjecting its agents and cooperating sources of information to depositions. Such discovery and depositions could force the United States to, among other things, reveal information that would not be available to the subjects of the investigation in a criminal proceeding, such as the scope of the investigation, the identity of any other targets and of any cooperators, and the documents seized in the investigation. Allowing civil discovery could also adversely affect the Claimants' rights against self-incrimination by subjecting them to civil discovery, including written interrogatories and a deposition, notwithstanding the pending criminal prosecution.

Based on the foregoing, the United States and the Claimants jointly request that this Court stay all proceedings in this action pursuant to 18 U.S.C. § 981(g) until the related

///

///

Stipulation to Stay Case
21-cv-1608 (MJD/TNL)

criminal case is resolved or pending further order of this Court.

Dated:                                  CHARLES J. KOVATS JR.
                                         Acting United States Attorney

                                         *s/ Quinn Hochhalter*
                                         BY: QUINN HOCHHALTER
                                         Assistant U.S. Attorney
                                         Attorney ID No. 07791ND
                                         600 United States Courthouse
                                         300 South Fourth Street
                                         Minneapolis, MN 55412
                                         612-664-5600
                                         quinn.hochhalter@usdoj.gov

                                         Attorney for Plaintiff United States of America


Dated: 13Jan22                         KELLER LAW OFFICES

                                         s/ Barry S. Edwards

                                         BY: Barry S. Edwards, Esq.
                                         Max A. Keller, Esq.
                                         310 Fourth Ave. South #1130
                                         Flour Exchange Building
                                         Minneapolis, MN 55415
                                         barry@kellerlawoffices.com
                                         max@kellerlawoffices.com
                                         Attorneys for Claimants