UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>A 2017 GMC Acadia with VIN 1GKKNXLS2HZ256796, et al.,<br><br>Defendants,<br>and<br><br>Harold B. Kaeding,<br>Zoraida Franco, and<br>Benjamin Kaeding,<br><br>Claimants. | Case No. 21-cv-1608 (MJD/TNL)<br><br>ORDER STAYING CIVIL FORFEITURE PROCEEDINGS |

Quinn Hochhalter, Assistant United States Attorney, United States Attorney's Offic, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; and

Barry S. Edwards and Max A. Keller, 310 Fourth Avenue South, Suite 1130, Minneapolis, MN 55415 (for Claimants).

    This matter is before the Court on the parties' Stipulation and Joint Motion to Stay Civil Forfeiture Proceedings (ECF No. 11). The parties stipulate for and jointly request the Court stay this civil forfeiture proceeding until the related criminal investigation and proceedings in *United States v. Harold Kaeding*, Case No. 21-cr-169 (ECT/HB) (D. Minn.), is resolved.

    Title 18, United States Code, Section 981(g) provides:

        (1) Upon motion of the United States, the court shall stay the

1

civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

(2) Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that—

> (A) the claimant is the subject of a related criminal investigation or case;
>
> (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and
>
> (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

18 U.S.C. § 981(g).  The parties have provided that there is substantial overlap between the pending criminal case and the Defendant Currency in this matter, and that allowing civil discovery to proceed in this matter would adversely affect both the United States' prosecution and the Claimants' rights against self-incrimination.  (ECF No. 11 at 4.)

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' Stipulation and Joint Motion to Stay Civil Forfeiture Proceedings (ECF No. 11) is **GRANTED** as follows:

1. All judicial proceedings in this matter are stayed until the related criminal case, *United States v. Harold Kaeding*, Case No. 21-cr-169 (ECT/HB) (D. Minn.), is resolved, or until further order of the Court.

2. This stay does not affect the right or obligation of any additional third parties to file a timely claim asserting an interest in the Defendant *in rem* in this matter as

required by Supplemental Rule G(5)(A) and 18 U.S.C. § 983(a)(4), as set forth in the parties' Stipulation to Stay Civil Forfeiture Proceedings (ECF No. 11).

3. The Pretrial Scheduling Conference set for February 22, 2022, is **CANCELLED**.

4. The parties shall file a joint status letter with the Court every six months following this Order. The letter shall inform the Court of the status of the criminal proceeding, including relevant developments occurring since the previous letter and any upcoming deadlines.

5. Within 14 days of the resolution of the criminal matter, the parties shall contact Magistrate Judge Leung's Chambers for the purpose of rescheduling the Pretrial Scheduling Conference.

6. All prior consistent orders remain in full force and effect.

[continued on next page]

7. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: January  14 , 2022              *s/Tony N. Leung*
                                       Tony N. Leung
                                       United States Magistrate Judge
                                       District of Minnesota

                                       *United States v. A 2017 GMC Acadia with VIN 1GKKNXLS2HZ256796, et al.*
                                       Case No. 21-cv-1608 (MJD/TNL)